IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID ALLEN LANE,**

      **Petitioner,**

  v.                    **CIVIL ACTION NO. 2:13cv6**
                              **(Judge Bailey)**

**GEORGE E. TRENT,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On January 17, 2013, David Allen Lane, [hereinafter referred to as "petitioner"], a state pre-trial detainee, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In addition, the petitioner filed a Motion for Leave to Proceed *in forma pauperis*, which was subsequently granted. Accordingly, this case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

The petitioner alleges four grounds for relief in his petition. First, he alleges that he was denied prompt, effective and necessary medical treatment following his arrest and arraignment on the morning of July 13, 2012. Second, the petitioner alleges that he was denied proper medical attention and/or treatment causing him future pain and discomfort. Third, he alleges that there was a further delay in proper medical treatment and/or attention along with a denial of payment of medical treatment while he was in the care, custody and control of the State of West Virginia and/or the North Central Regional Jail. Finally, the petitioner alleges Officer William Piggatt unlawfully

and intentionally stated on the police report, dated five days after his arrest, that his hand was x-rayed and a cast placed n his hand, when in fact the cast was not applied until seventeen days after his arrest. For relief, the petitioner seeks immediate and unconditional discharge from custody coupled with an injunction against further prosecution of the alleged criminal conduct.

### III. ANALYSIS

As a preliminary matter, the undersigned notes that state pre-trial detainees may seek relief through 28 U.S.C. § 2241. Clearly, that section provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). However, the petitioner herein is not contesting the validity of his arrest or incarceration. Nor, is he challenging the proceedings being conducted in his criminal case which is pending in the Circuit Court of Marion County. Rather, he is alleging a violation of his constitutional rights with respect to his medical treatment while in custody following his arrest, and this is not the type of claim which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by 42 U.S.C. § 1983 and pay the $350.00 filing fee.[1]

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition

---

[1] Although the petitioner can seek leave to proceed *in forma pauperis* should he file a § 1983 action, he, at best, would be relieved of the responsibility of paying the entire fee with his complaint. However, as funds become available, he would be required to pay the $350.00 in installments.

(Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: January 28, 2013

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE